13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steve GORSLINE, Plaintiff-Appellant,
v.
UNITED STATES ARMY RESERVE, Defendant-Appellee.
 No. 93-3209.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1993.
 
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant, Mr. Steve Gorsline, filed a pro se suit in federal court seeking reenlistment and a correction of his military records. The district court dismissed the suit and we AFFIRM substantially on the basis of the district court's opinion.
 
 
 3
 Mr. Gorsline, a former member of the United States Army Reserve (USAR), alleged that he was wrongfully discharged by the USAR prior to the end of his term of service and that the USAR's violation of 10 U.S.C. 511 (1988) caused him to miss the opportunity to reenlist without a break in service. The district court dismissed the complaint without prejudice as a "nonjusticiable military controversy" because Mr. Gorsline had failed to exhaust his intraservice administrative remedies by seeking review from the Army Board for Correction of Military Records (ABCMR). Mr. Gorsline appeals the district court's order and alleges at least two new claims for the first time on appeal.
 
 
 4
 A person who seeks review and correction of his military record must exhaust his administrative remedies before judicial review is available. Thornton v. Coffey, 618 F.2d 686, 692 (10th Cir.1980). We held in Thornton that a racial discrimination claim by a black member of the National Guard could not be considered until the plaintiff had exhausted his administrative remedies through the ABCMR. Id. As of June 9, 1993, Mr. Gorsline had not submitted a claim to the ABCMR, nor does he present legitimate reasons for his failure to do so. While it is true that administrative review may often be less than speedy, this alone does not justify immediate resort to the courts. See Rivera v. U.S. Postal Serv., 830 F.2d 1037, 1039 (9th Cir.1987), cert. denied, 486 U.S. 1009 (1988). Any claim of irreparable injury based on delay is unsupportable both factually and legally on this record. Application of the exhaustion principle is particularly compelling in this case given the ABCMR's special expertise in dealing with the different military regulations, records, and statutes that are pertinent to Mr. Gorsline's claim.
 
 
 5
 This court generally does not consider issues raised for the first time on appeal, Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991), and we therefore decline to review any of Mr. Gorsline's claims which were not raised below. We note, however, that it is likely Mr. Gorsline's new claims will be addressed and resolved in the course of ABCMR's administrative review of this case should Mr. Gorsline pursue such review.[2]
 
 
 6
 Mr. Gorsline has inexcusably failed to seek intraservice administrative review and his claim therefore remains a nonjusticiable military controversy. Accordingly, we AFFIRM the order of the district court.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The record reveals a prior claim against the USAR by Mr. Gorsline where he sought reversal of certain military decisions concerning his service. We need not decide at this time whether Mr. Gorsline's prior suit has res judicata effect on his current claims because the USAR does not raise this argument